UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **RODNEY KEISTER,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:17-cv-00131-RDP |
| **STUART BELL, et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Motion to Dismiss the Verified Amended Complaint (Doc. # 41). For the reasons explained below, the motion is due to be denied.

**I.    Background**[1]

Plaintiff is a traveling evangelist who desires to speak to college students at the University of Alabama in Tuscaloosa, Alabama. (Doc. # 39 at ¶¶ 12, 26-27). He specifically seeks to share the message of Christianity on sidewalks bordering the intersection of University Boulevard and Hackberry Lane on the University's campus. (*Id.* at ¶ 27). Plaintiff wants to evangelize by passing out gospel tracts and engaging in prayer and one-on-one conversations with passers-by. (*Id.* at ¶¶ 17-18). Occasionally, he also preaches to those within hearing distance. (*Id.* at ¶ 19).

The University has a speech policy that prohibits individuals who are neither affiliated with the University nor sponsored by a University group from using its campus grounds to engage in expressive activity. (*Id.* at ¶¶ 57-61, 74; Doc. # 22 at 4). Unaffiliated individuals who

---

[1] For purposes of ruling on Defendants' motion to dismiss, the court treats the factual allegations of the Amended Complaint (Doc. # 39) as true, but not its legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

wish to speak on the University's campus must be sponsored by an academic or administrative department or a registered student organization and complete a Grounds Use Permit application. (Doc. # 22 at 4). The permit application must be filed at least ten business days in advance. (*Id.*).

On March 10, 2016, the University applied its speech policy to Plaintiff. Plaintiff and his friend went to the University's campus to evangelize. (Doc. # 39 at ¶ 45). They initially went to a sidewalk along Sixth Avenue, across the street from a wide-open, grassy field on campus known as "the Quad." (*Id.* at ¶¶ 52-54). While there, Plaintiff passed out literature on the sidewalk while his friend stood several feet away from him on the same sidewalk and preached a gospel message. (*Id.* at ¶ 54). After University police officers informed them that they would need a permit to speak in that area, Plaintiff and his friend moved to a sidewalk at the intersection of University Boulevard and Hackberry Lane, in front of Russell Hall. (*Id.* at ¶¶ 55-68). The officers' supervisor, Lieutenant Odom, told Plaintiff and his friend, "On that corner, you're good." (*Id.* at ¶¶ 60, 67).

At his new location, Plaintiff passed out religious literature and preached with his natural voice in short bursts to draw attention. (*Id.* at ¶ 69). He did not use amplification. (*Id.*). A short time later, however, Lieutenant Odom returned to the scene and told Plaintiff that the sidewalks at the intersection of University Boulevard and Hackberry Lane were in fact owned by the University and subject to the University's speech policy. (*Id.* at ¶¶ 71-74). As an unaffiliated and unsponsored speaker without a grounds use permit, Plaintiff was not permitted under the policy to pass out literature, preach, or converse with passers-by at that location. (*Id.* at ¶ 74). Fearing arrest for criminal trespass, Plaintiff left. (*Id.* at ¶ 75).

Plaintiff subsequently filed a lawsuit the University's President, the Chief of Police for the University Police Department, and Lieutenant Odom of the University Police Department.

(Doc. # 1). He claimed the University's policy abridged the freedom of speech protected by the First Amendment and was so vague as to violate the Due Process Clause of the Fourteenth Amendment. (*Id.* at 13-14). Plaintiff moved for a preliminary injunction enjoining those officials from enforcing the University's speech policy. (Doc. # 6). This court denied the motion, ruling (based upon the preliminary record supplied by the parties) that the intersection where Plaintiff wished to speak was a limited public forum and that Plaintiff was unlikely to succeed on the merits of his First Amendment claim under the standard governing limited public forums. (Doc. # 22). Plaintiff appealed this court's denial of his preliminary injunction motion to the Eleventh Circuit. (Doc. # 26). The Eleventh Circuit affirmed. *Keister v. Bell*, 879 F.3d 1282, 1284 (11th Cir. 2018). The Eleventh Circuit held that this court properly found that the intersection of University Boulevard and Hackberry Lane was a limited public forum and therefore did not abuse its discretion in denying Plaintiff's motion for a preliminary injunction. *Id.* at 1284, 1291. Because Plaintiff did not press the issue on appeal, the Eleventh Circuit did not address whether the University's speech policy was constitutional under the limited-public-forum standard. *Id.* at 1288 n.4. It held only that the intersection in question was a limited public forum, and that Plaintiff's First Amendment claim should be analyzed in light of that holding. *Id.* at 1291.

Following remand, Plaintiff filed an Amended Complaint, again alleging violations of both the First Amendment and the Due Process Clause. (Doc. # 39). Defendants have moved to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. (Doc. # 41).

**II.     Legal Standard**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

3

complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, and neither do pleadings that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific, and to survive the motion, the allegations must permit the court, based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims must be dismissed. *Twombly*, 550 U.S. at 570.

### III.   Analysis

Plaintiff has adequately alleged a violation of the First Amendment and the Due Process Clause in his Amended Complaint. Defendants' motion to dismiss is therefore due to be denied.

As an initial matter, the parties dispute the legal effect of the Eleventh Circuit's decision affirming this court's denial of Plaintiff's motion for a preliminary injunction. *See Keister*, 879 F.3d at 1284. Defendants contend that under the law-of-the-case doctrine, *Keister*'s holding that

the intersection of University Boulevard and Hackberry Lane in Tuscaloosa is a limited public forum prevents that issue from being relitigated on remand. Plaintiff contends that because the Eleventh Circuit's decision merely affirmed the denial of a preliminary injunction, it has no law-of-the-case implications for the intersection's forum status.

The court believes the proper way forward is a middle path between the parties' positions. Regardless of how the law-of-the-case doctrine applies, *Keister*, as a published Eleventh Circuit decision, is binding precedent in this court. That means its conclusion that the intersection of University Boulevard and Hackberry Lane in Tuscaloosa is a limited public forum is binding on this court. *Keister*, 879 F.3d at 1289-91. Though based on a preliminary record, the Eleventh Circuit held the intersection was a limited public forum because it "is within the UA campus, is not intended as an area for the public's expressive conduct, and contains markings clearly identifying it as an enclave." *Id.* at 1291. Discovery is unlikely to reveal additional or contrary facts that would change the result in *Keister*. In other words, given the Eleventh Circuit's holding in *Keister*, and the facts that holding was based on, it is doubtful that any amount of discovery by Plaintiff is likely to show that the intersection of University Boulevard and Hackberry Lane is in fact *not* a limited public forum.[2] However, Plaintiff's claims may nevertheless proceed because, even under the less stringent limited-public-forum standard, the Amended Complaint adequately alleges violations of the First Amendment and the Due Process Clause.

---

[2] If discovery shows that the relevant facts on which the Eleventh Circuit's decision was based were, in fact, not the real facts, then Plaintiff will of course be free to argue that the intersection is not a limited public forum. Even under the law-of-the-case doctrine, a prior judicial decision is not binding if, since the prior decision, "new and substantially different evidence is produced." *This That And The Other Gift And Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (internal quotation marks omitted). Thus, while the facts on which the Eleventh Circuit's decision was based do not appear subject to reasonable dispute, that does not prohibit Plaintiff from trying to show otherwise.

A limited public forum exists "when governmental entities open their property but limit its use to certain groups or dedicate it solely to the discussion of certain subjects." *Keister*, 879 F.3d at 1289 (internal quotation marks and brackets omitted). In limited public forums, government restrictions on speech need only be "reasonable and viewpoint neutral." *Id.* (internal quotation marks omitted).

Plaintiff has plausibly alleged that the University of Alabama's speech policy, at least as applied to him, is not reasonable and viewpoint neutral. According to the Amended Complaint, University officials informed Plaintiff that the University's speech policy prohibited him from engaging "in any form of expression" on the University campus without a grounds use permit. (Doc. # 39 at ¶¶ 57, 74). The speech policy extended not only to Plaintiff's preaching, but also to his distribution of literature and consensual conversations with passers-by. (*Id.* at ¶¶ 59, 74). Moreover, the officials made clear that the University campus was open to the public and that Plaintiff was allowed to be there, but that he could not engage in his expression on campus without first obtaining a permit (which would require ten business days' advance notice to the University and sponsorship by a university entity to obtain). (*Id.* at ¶¶ 57, 60, 66).

Plaintiff's allegations give rise to a plausible claim that the University's policy is unreasonable and unduly burdens speech, even in a limited public forum like the intersection of University Boulevard and Hackberry Lane. Given that the University does not prohibit unaffiliated individuals from *accessing* its campus altogether, the questions are whether (1) the University prohibits nearly *all* expressive activity by unaffiliated individuals who walk through the University's publicly accessible campus and (2) whether it is reasonable to do so. It is difficult to see what government interest could justify a ban on unaffiliated persons who are otherwise permitted to be on a campus sidewalk from engaging in consensual conversations with

passers-by. Plaintiff has a plausible claim that such a restriction is unreasonable. Discovery will be necessary to determine whether the University in fact has and enforces such a policy. But, at this point, taking the allegations of the Amended Complaint as true, Plaintiff's First Amendment claim is plausible.

Plaintiff's allegations also give rise to a plausible claim that the University's speech policy is unconstitutionally vague, in violation of the Due Process Clause. Regulations of speech are unconstitutionally vague when they are so ambiguous that a reasonable person cannot tell what expression is forbidden and what is allowed. *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971) (explaining that a law is vague if "men of common intelligence must necessarily guess at its meaning") (internal quotation marks omitted). In addition to ensuring adequate notice to citizens, vagueness doctrine also ensures that governments "establish minimal guidelines to govern law enforcement," thus preventing selective or arbitrary enforcement. *Kolender v. Lawson*, 461 U.S. 352, 358 (1983).

The policy Plaintiff challenges as unconstitutionally vague exempts from its permitting requirements uses of campus grounds that qualify as "casual recreational or social activities." (Doc. # 6-7 at 1). Plaintiff argues that the term "casual," which the policy does not define, does not give fair notice to Plaintiff about which kinds of campus activities require a permit and which do not, and also encourages arbitrary enforcement of the policy by campus officials. Plaintiff might reasonably presume that passing out religious literature or, at the very least, engaging in consensual conversations with passers-by, is simply a "casual" social activity. But whether Plaintiff faces punishment for engaging in those expressive activities without a permit depends entirely on whether any given University official views his conduct as "casual" or not. At this

7

early stage in the litigation, the court cannot say that Plaintiff's vagueness claim is so implausible as to warrant dismissal on a Rule 12(b)(6) motion.

**IV.     Conclusion**

For the reasons explained above, Defendants' motion to dismiss (Doc. # 22) is due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this March 14, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE