FILED
2019 Nov-19 PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| RODNEY KEISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STUART BELL, in his official capacity as ) | Case No.: 7:17-cv-00131-RDP |
| President of the University of Alabama, ) | |
| JOHN HOOKS, in his official capacity as ) | **MOVANTS' INITIAL SUBMISSION** |
| Chief of Police for the University of ) | **IN RESPONSE TO EXHIBIT B OF** |
| Alabama Police Department, and MITCH ) | **THE COURT'S ORDER** |
| ODOM, individually and in his official ) | |
| capacity as Police Lieutenant for the ) | |
| University of Alabama Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DEFENDANTS' MOTION TO STRIKE THE AFFIDAVIT OF DAVID HERNDON

Defendants, Stuart Bell, John Hooks, and Mitch Odom (collectively the "Defendants"), respectfully move to strike the Affidavit of David Herndon (the "Affidavit"). The Affidavit is due to be stricken as it is improper to submit an expert opinion for the first time in a Reply brief, Mr. Herndon's opinions are nothing more than improper legal conclusions, and the Affidavit fails to comply with Federal Rule of Civil Procedure 26 as it does not provide the basis for Mr. Herndon's opinions.

## DISCUSSION

I. **THE AFFIDAVIT OF DAVID HERNDON IS DUE TO BE STRICKEN AS IT WAS FILED OUT OF TIME.**

As an initial matter, Mr. Herndon's Affidavit is due to be stricken because he was not disclosed as an expert witness prior to the disclosure deadline. According to Federal Rule of

{B3340108}

Civil Procedure 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . ." According to the Court's Scheduling Order, Plaintiff's expert reports were due by July 15, 2019. (Doc. 56). Plaintiff, however, did not disclose Mr. Herndon until November 14, 2019—almost four months past the deadline.

Moreover, "[i]t is well accepted that raising of new issues and submission of new facts in reply brief is improper." *Fisher v. Ciba Specialty Chemicals Corp.*, 238 F.R.D. 273, 311 n.82 (S.D. Ala. 2006). Here, Plaintiff chose not to file the Affidavit of Mr. Herndon until his reply brief thereby depriving Defendants of the opportunity to respond to Mr. Herndon's opinions.

Plaintiff claims that he "did not identify Herndon as a potential witness during discovery because he did not realize such information was needed until UA submitted the affidavit of Justin McPherson." (Doc. 66, p. 2 n.2). There is simply no merit to this claim. From the outset, Plaintiff has alleged that the City of Tuscaloosa owns an easement covering the sidewalks in question while the University has argued that it "owns the property to the back of the curb of University Boulevard." (Doc. 1, ¶¶ 38, 77). Further, the University's 30(b)(6) representative testified the University owns the property "up through the back of the curb." Defendant's Ex. 2, 15:8-10.

To the extent that Mr. Keister wanted to contest the University's ownership of the sidewalks at the corner of University Boulevard and Hackberry Lane through the expert opinion of Mr. Herndon, it was incumbent upon him to properly disclose his testimony in accordance with this Court's Order. Plaintiff failed to do so and, instead, attempts to sneak the opinion in after the briefing has been completed. Such tactics should not be allowed and, thus, the Affidavit is due to be stricken.

**II.     MR. HERNDON'S AFFIDAVIT IS DUE TO BE STRICKEN BECAUSE IT FAILS TO COMPLY WITH THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26(A)(2).**

Federal Rule of Civil Procedure 26(a)(2) requires that an expert's report "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." Mr. Herdon's affidavit fails to provide any basis or reasoning for his opinions. For instance, Mr. Herndon claims that the term "except" demonstrates that the City of Tuscaloosa (the "City") did not transfer the strip of land covering the sidewalks at issue to the University. (66-1, ¶ 9). Mr. Herndon, however, does not address the context of the use of the term "except." The deed says, "except that portion of the above described parcel which was conveyed by said CITY OF TUSCALOOSA and others to Tuscaloosa County . . . ." (Plaintiff's Exhibit 71, p. 1). Mr. Herndon provides no reasoning for why this excepted the entire southern strip of land rather than just excepting the right-of-way "for the purpose of widening the highway," which was the only portion of the parcel that was "conveyed" to Tuscaloosa County. (*Id.*). Likewise, Mr. Herndon claims to know that it was the "City's intention to keep and not to transfer the southern strip subject to the right-of-way." (66-1, ¶ 9). Again, he provides no basis for how he divined the City's intention and does not explain why the City intended to retain a 400-foot strip of land subject to Tuscaloosa County's right-of-way surrounded by University property on the north and a state highway to the south—a highway the City would not own for another seventy years.

Finally, Mr. Herndon's Affidavit does not describe the method he used in drawing the maps that Plaintiff submits as Exhibits 70 and 72. In fact, Mr. Herndon provides no information whatsoever regarding the drawing of the maps. Mr. Herndon does not say whether he visited the corner of University Boulevard and Hackberry Lane to take measurements. He provides no basis for testing the accuracy of his maps, other than the fact that he drew them. As such, Mr.

Herndon's conclusory opinions and drawings fail to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) and are due to be stricken.

### III.   MR. HERNDON'S IMPROPER LEGAL OPINIONS ARE DUE TO BE STRICKEN.

"An expert . . . also may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Rosen v. Protective Life Ins. Co.*, 817 F. Supp. 2d 1357, 1385 (N.D. Ga. 2011), *aff'd sub nom. Rosen v. Am. Guarantee & Liab. Ins. Co.*, 503 F. App'x 768 (11th Cir. 2013) (quoting *Montgomery v. Aetna Cas. & Sur. Co.,* 898 F.2d 1537, 1541 (11th Cir.1990)). Specifically, an expert is not qualified to offer an opinion on the "scope of obligations described by the unambiguous language of" an agreement. *Id.* Here, Mr. Herndon does exactly that in his Affidavit. He opines that "[t]he operative term 'except' shown in the 1946 deed evinces the city's intention to keep and not transfer the southern strip subject to the right-of-way." (Doc 66-1, ¶ 9). Mr. Herndon also goes on to opine as to the scope of the Municipal Right of Way Permit (the "Permit") entered between the City of Tuscaloosa and the University. Specifically, Mr. Herndon offers his opinion that the Permit "reflects that the right-of-way reverted back to the City," and that the "reference to University Blvd. goes beyond the asphalt street and includes the entire right-of-way . . . ." (*Id.*, ¶¶ 10-11). Mr. Herndon's opinions as to the scope and effect of these legal agreements are improper legal conclusions. Thus, paragraphs 8-12 of the Affidavit are due to be stricken.

Respectfully submitted on this, the 19th day of November, 2019.

/s/ Cole R. Gresham
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
*jme@starneslaw.com*
*crg@starneslaw.com*
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 19th day of November, 2019, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Jason Tingle
JAUREGUI & LINDSEY, LLC
244 Inverness Center Dr.
Suite 200
Birmingham, AL 35242
205-909-2233 − Telephone
205-970-3886 – Fax
jtingle@jandllawfirm.com
*Attorney for Plaintiff Rodney Keister*


Nathan W. Kellum
CENTER FOR RELIGIOUS EXPRESSION
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
901-684-5485 − Telephone
901-684-5499 – Fax
nkellum@crelaw.org
*Attorney for Plaintiff Rodney Keister*

      /s/ Cole R. Gresham
      STARNES DAVIS FLORIE LLP
      100 Brookwood Place, 7th Floor
      P. O. Box 598512
      Birmingham, AL 35259-8512